## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MALIBU MEDIA, LLC. | * | CASE NO. 1:14-cv-03583-ELH |
| Plaintiff | * | |
| v. | * | |
| JOHN DOE subscriber assigned IP address | * | |
| 68.50.145.254, | * | |
| Defendant | * | |

## JOHN DOE'S OMNIBUS MOTION TO DISMISS ACTION WITH MOTION TO QUASH NON-PARTY SUBPOENAS OR ENTER PROTECTIVE ORDER, WITH INCORPORATED MEMORANDUM OF LAW

Comes now Defendant 'John Doe' indentified by Plaintiff only as the accountholder for Internet service having IP Address 72.64.140.132, in a special, limited appearance by and through the undersigned attorney, and moves this Honorable Court, pursuant to Rules 12(b), 26 (b) and (c), and/or 45 (d) (3), to DISMISS the action and QUASH the subpoena seeking John Doe's private information, or issue a protective order protecting same.

### 1.  Introduction

Plaintiff, Malibu Media seeks personal and confidential information of John Doe by way of early discovery.  Defendant, John Doe, seeks that the Court quash the subpoena and/or grant John Doe's request for Protective Order.

### II. Procedural History

Like almost all Malibu Media's cases, shortly after this one was filed, Malibu moved for leave to issue a third-party subpoena on the Internet Service Provider, here, Comcast, which services the account identified by IP address 68.50.145.254 to identify the account's subscriber. This Court found granted the Plaintiff's request for the issuance of a subpoena. Movant, John

Doe, asks that this Court, among other things, reconsider the Court's granting of initiation of discovery.

### III. Argument

John Doe initially asserts and requests that this Court quash all outstanding subpoenas, and in all related actions pending in this District. John Doe asserts that Plaintiff's application for early discovery was granted without interested parties being afforded an opportunity to present any facts or make any arguments as to the propriety of the subpoenas. Further, had Doe's interest been properly represented, the significant flaw in Plaintiff's early discovery request would have been made apparent. Namely, the subpoenas are not "very likely" to reveal the identities of the defendant. Furthermore, the subpoenas seek personally identifiable information that is subject to a Constitutional privilege protecting the anonymity of Internet activities, and that this Constitutional right is not outweighed by the needs of the Plaintiff to effectuate service of the complaint for copyright infringement.

THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY FAIL ON THE GILLESPIE AND SEMITOOL FACTORS.

Generally, a court may authorize early discovery for "good cause." Semittool, Inc. v. Tokyo Elector America Inc, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good Cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. When considering good cause in cases involving uncovering the identify of anonymous John Does, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that a Court can determine the defendant is a real person or entity who could be sued in federal court, (2) the plaintiff has identified all previous steps taken to locate the elusive defendant, (3) the plaintiff's suit against

defendant could withstand a motion to dismiss; and the (4) plaintiff has demonstrated that there is a reasonable likely of being able to identify the defendant through discovery such that service of process would be possible.  Patrick Collins, Inc., Doe, 2012 U.S. Dist. Lexis 36232 ( D. Ariz. Mar. 19, 2012); Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); Sony Music Entm't Inc. v. Does 1-40.

However, in instances where implication of the First Amendment is at issue (which file sharing online is a form of speech protected under the First Amendment, see, Sony Music entm't Inc v. Does 1-40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004), higher scrutiny is required.

On March 20, 2014, in a near-identical case, the Honorable Ursula Ungaro of Southern District of Florida entered an order dismissing Malibu Media's Case No. 1:14-cv-20213. In that case, Judge Ungaro had, sua sponte, issued a show-cause order requiring Malibu Media to show good cause why the Court should reasonably rely on the use of geolocation or other technologies to establish the defendant's identity. Malibu Media responded, and after considering said response, Judge Ungaro entered an order dismissing the case, explaining:

Plaintiff has not shown how this geolocation software can establish the identity of the Defendant. There is nothing that links the IP address location to the identity of the person actually downloading and establishing whether that person lives in this district….. Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright. Judge Ungaro also filed show-cause orders in at least two other Malibu Media cases, Case Nos. 0:14-cv-60681-UU and 0:14-cv-60682-UU after which Malibu Media filed notices of voluntary dismissal. Both cases were closed on March 27, 2014.

Next, on April 4, 2014, in another Malibu Media v. Doe case, Case No. 14-20216-FAM, Chief Judge Federico A. Moreno entered another order to show cause therein citing to and following Judge Ungaro's order, and requiring Malibu Media to show cause why the court should rely on geolocation services to establish the Defendant's identity and location in this district.

Chief Judge Moreno's order was a deviation from at least one previous order he had entered in a similar case, where he had, prior to the entry of Judge Ungaro's order, granted Malibu Media's motion for early discovery, such as one filed on January 31, 2014, in Case No. 1:14-cv-20218-FAM. In other words, Judge Ungaro's order was a game changer.

Judges Ungaro and Moreno are not alone in finding that cases filed against IP subscribers are not sufficient to identify an individual infringer. In January, a district judge in Seattle entered an order of dismissal because "simply identifying the account holder associated with an IP address tells us very little about who actually downloaded Elf-Man using that IP address." Elf-Man. LLC v Cariveau, 2014 WL 202096, No. C13-0507RSL (Jan.17, 2014). One reason is that, with each Defendant identified only by an IP address , "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous." In Re: BitTorrent Adult Film Copyright Infringement Cases, No. 11-cv-03995, 2012 WL 1570765,2012 U.S. Dist. LEXIS 61447 (E.D.N.Y Mat 1, 2012). Due to the increasing popularity of wireless routers, indentifying a computer user by an IP address is unlikely, as different family members, visitors, or even neighbors could have performed the alleged downloads. ID. One court observed that as many as "30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyright material." Digital Sin, Inc. v. Does 1-176,2012 WL 263491 *3 (S.D.N.Y. Jan. 30, 2012)

As such, and in summation, John Doe seeks that the subpoena be quashed.

That foundation for the Plaintiff's case may stem from "tainted fruit."

Upon information and belief, the entire instant case against Defendant Internet service account holder is based solely on the allegations of one single expert witness: unlicensed "investigator' Mr. Tobias Fieser of IPP International UG, who resides in Germany. As in the other hundreds (thousands, rather) of similar Malibu Media's cases, Mr. Fieser's (and thus Malibu Media's) allegations only identify and IP address, which identifies an Internet service account, not an individual. Without Mr. Fieser's "evidence" Malibu Media has nothing to tie John Doe the accountholder for that service-to any infringement whatsoever.

Recognizing that Mr. Fieser's geolocation software makes up the entire factual basis of Malibu Media's complaints, and that his software cannot identify who, if anyone, actually infringed Malibu Media's copyright, two judges in the Southern District of Florida recently rejected similar lawsuits by Malibu Media, and these orders should be considered and followed.

But this motion is based on more than just new orders. Even if the court were to decline, the instant John Doe Internet Subscriber asks the Court to look again at the house of cards that is Malibu Media's case. Malibu Media's entire case is based on data and electronic communications which may have been intercepted unlawfully. Therefore, Malibu Media's only data is unlawful, unreliable, and inadmissible. Without this data and information, Malibu Media has no evidence at all against the instant John Doe and no case. Because Defendant's due process rights are at stake, not to mention the embarrassment of being associated with Plaintiff's pornography, the court should not rely upon the allegations of this unlicensed investigator who has been recently disclosed to hold a contingent-fee relationship to Malibu Media.

Therefore, this case should be dismissed-or Malibu Media should be required to show cause why the case should not be dismissed- and the subpoena quashed, or a protective order entered to save John Doe the embarrassment and undue burden of having his/her private information released in conjunction with a case that is essentially, a house of cards, subject to imminent collapse.

## V. Conclusion

Malibu Media's case is a house of cards, and collapse is imminent as an IP address is not a person, this Court should follow the trend set in this judicial division by the likes of Judges Ungaro and Moreno in similar or near- identical cases and dismiss the action. John Doe further reserves the right to supplement this Motion.

WHEREFORE, for the foregoing reasons, Defendant," John Doe," respectfully requests that this Honorable Court enter an Order:

1. GRANTING this Motion;

2. DISMISSING the instant case, or, in the alternative, requiring Malibu Media to SHOW CAUSE why the case should not be dismissed;

3. QUASHING the outstanding subpoena seeking John Doe's identity, or, in the alternative, issuing a protective order protecting same;

4. Grant a hearing in this matter;

5. Any other relief as is just and proper.

Respectfully Submitted,


JOHN DOE
DEFENDANT
BY: /s/ Zachery G. Groves
Zachery G. Groves, Esquire, #29699
Counsel
Law Offices of James E. Crawford., Jr., LLC
Baltimore, Maryland 21227.
(443) 709-9999

## CERTIFICATE OF SERVICE

I hereby certify that I filed electronically the foregoing with the Clerk of the Court

via CM/ECF system which will notify electronically all parties.


DEFENDANT
BY: /s/ Zachery G. Groves
Zachery G. Groves, Esquire, #29699
Counsel
Law Offices of James E. Crawford., Jr., LLC
Baltimore, Maryland 21227.
(443) 709-9999